IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| ANDREW MILLER, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     **Civil Action No. 1:20-00155** |
| | ) |
| MS. RHONDA SPEARS, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 27, 2020, Plaintiff, acting *pro se*,[1] filed his Complaint for alleged violations of his constitutional and civil rights pursuant to 42 U.S.C. § 1983. (Document No. 1.) Plaintiff names the following as Defendants: (1) Ms. Rhonda Spears, Counselor; and (2) Ms. Howe, Counselor. (Id.) Plaintiff alleges that Defendants violated his right to due process by assigning him a custody level of III. (Id., pp. 5 - 6.) Plaintiff explains that "on December 28, 2019, Defendant Rhonda Spears CCI classified the Plaintiff Andrew Miller as a level three without due process." (Id., p. 5.) Plaintiff states that Defendant Spears refused to change her decision as to Plaintiff's classification level. (Id.) Plaintiff, however, acknowledges that Defendant Spears allowed Plaintiff to appeal his classification. (Id.) Plaintiff states that Defendant Howe considered Plaintiff's appeal on January 3, 2020, but Defendant Howe refused to reclassify Plaintiff. (Id.) Plaintiff complains that "Defendant Howe ordered the Plaintiff remain at level three without due process and Defendant Spears allowed this decision." (Id.) Plaintiff claims that

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"this level three classification is bias" and has "prevented the Plaintiff from going to a lower prison, such as work release." (Id., pp. 5 – 6.) As relief, Plaintiff requests the following: (1) The reduction of his classification level to a level one; (2) Defendants either be suspended for one year or fired; and (3) A classification hearing be held as per policy. (Id., p. 7.) As an Exhibit, Plaintiff attaches a copy of his "Division of Corrections and Rehabilitation Classification Custody & Program Recommendations" dated December 28, 2019. (Id., p. 12.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct.

285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting

3

under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979)(quoting Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that in order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Id., 515 U.S. at 484, 115 S.Ct. at 2300 (citations omitted). Absent allegations indicating that there has been a restraint upon the inmate's freedom which imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the inmate's claims have no merit. Id.

Plaintiff contends that the Defendants incorrectly determined his inmate classification, which has resulted in him being incarcerated at a more secure prison. Although Plaintiff acknowledges he was allowed to appeal his classification decision, Plaintiff concludes that

Defendants denied him due process and failed to follow policy. Liberally construing Plaintiff's Complaint and assuming all facts as true, Plaintiff's allegations do not establish a Due Process violation. Failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). It is well recognized that prisoners have no constitutional or inherent right to receive a particular security or custody classification. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system."). The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), cert. denied, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a

classification is insufficient to establish a constitutional violation"); Posey v. Dewalt, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), appeal dismissed by, 215 F.3d 1320 (4th Cir. 2000), cert. denied, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Finally, there is no allegation or indication that there has been a restraint upon Plaintiff's freedom which imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Accordingly, the undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint for failure to set forth a cognizable claim.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 15, 2020.

Omar J. Aboulhosn
United States Magistrate Judge